IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID J. D'ADDABBO,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:06-CR-147<br><br>Judge Dee Benson |

This matter is before the Court on Defendant David J. D'Addabbo's Petition for

Expungement of Records.  The Court, having reviewed Defendant's motion and the entire file in

the above-captioned matter, renders the follow Memorandum Decision and Order denying

Defendant's motion.

## I.  Background

In April 2006, a Superseding Indictment named Defendant in four counts: Corrupt

Endeavor to Obstruct the Revenue Laws, pursuant to 26 U.S.C. § 7212(a); Mailing Threatening

Communications, pursuant to 18 U.S.C. § 876(c); and two counts of Threatening a Federal

Official, pursuant to 18 U.S.C. § 115(a)(1)(B).  On August 14, 2006, Defendant entered a guilty

plea pursuant to a plea agreement.  Defendant pleaded guilty to Count III of the Superseding

Indictment, Threatening a Federal Official, pursuant to 18 U.S.C. § 115(a)(1)(B), and the

government agreed to dismiss all remaining counts.  *See* Statement in Advance of Plea.  At the

same time, the Court imposed a sentence of credit for time served, and a three-year term of

supervised release.

Defendant requests that all records in his case be expunged, particularly with respect to records that he served time in Weber County Jail.  Defendant's motion and letter dated March 21, 2008, although difficult to understand, appears to explain that the grounds for expunction are that arresting officers and persons involved with Defendant's imprisonment committed numerous civil rights violations against Defendant.

## II.  Discussion

This motion is brought under the inherent power of the Court to expunge criminal records.  The United States Court of Appeals for the Tenth Circuit has made clear that "the district court has the authority to order expunction, but that power is not unfettered.  Expunction is committed to the discretion of the trial court, but it is not a remedy to be granted frequently." *United States v. Friesen,* 853 F.2d 816, 817-18 (10th Cir. 1988).  Moreover, an order of expunction "should be reserved for the unusual or extreme case." *United States v. Linn,* 513 F.2d 925, 927 (10th Cir. 1975).  An unusual or extreme case is generally defined as "when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." *Doe v. Webster*, 606 F.2d 1226, 1231 (D.C. Cir. 1979).

For example, an unusual or extreme case could involve a situation where the charges against the defendant were dismissed based on lack of probable cause.  *Sullivan v. Murphy*, 478 F.2d 938 (D.C. Cir. 1973).  However, in this case, Defendant pleaded guilty, and the other charges were subsequently dropped as part of the plea arrangement.  There is no evidence the other charges were dropped because of lack of probable cause.

Courts only have the power to expunge criminal records if the underlying criminal

conviction or arrest is invalid: courts have "jurisdiction over petitions for expungement in certain

narrow circumstances–namely, where the 'predicate for expunction is a challenge to the validity

of either the arrest or the conviction.'" *United States v. Rowlands*, 451 F.3d 173, 177 (3d Cir.

2006) (quoting *United States v. Noonan*, 906 F.2d 952, 956 (3d Cir. 1990)).  In Defendant's

motion, he alludes to an unlawful arrest, but provides no evidence demonstrating why or how the

arrest was unlawful.

The reason the underlying conviction or arrest must be invalid (usually invalid because it

is unconstitutional) in order to consider an expunction request is because otherwise there is no

underlying substantial harm to the individual.  In other words, the balancing test of whether the

harm to the individual outweighs the government's need to keep a record only applies when

there is actual harm to the individual.  *Id.*  When a conviction or arrest is valid, there is no undue

harm to the individual: "expungement is not available to remedy 'adverse consequences which

attend every arrest and conviction.  Those are unfortunate but generally not considered

*unwarranted* adverse consequences.'"  *Id.* at 179 (quoting *United States v. Flowers*, 389 F.3d

737 (7th Cir. 2004)).

In *United States v. Pinto*, the Tenth Circuit addressed the difference between an

expunction request when the defendant was wrongly convicted, and an expunction request when

the conviction was just: "there is a large difference between expunging the arrest record of a

presumably innocent person, and expunging the conviction of a person adjudged as guilty in a

court of law."  1 F.3d 1069, 1070 (10th Cir. 1993).  Unless it is an extreme case, an invalid

conviction will not necessarily be expunged, and when "there is no allegation that the conviction

3

was in any way improper," there is no cause for expunction.  *Id.* at 1070–71.  In the current case,

Defendant admitted to the wrongdoing; there is no evidence the conviction is invalid.

Defendant has not provided any evidence that his situation is an extreme case which

merits expunction, nor has he demonstrated that any substantial harm not attributable to him

would result if the expunction is not granted.  Accordingly, Defendant's Petition for

Expungement of Records is DENIED.


IT IS SO ORDERED.

DATED this 28th day of April, 2008.

Dee Benson
United States District Judge